IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARSTAR FRANCHISOR SPV LLC,<br><br>Plaintiff<br><br>vs.<br><br>GEORGE D MANDERBACH INC. dba CARSTAR MANDERBACH COLLISION AND STEVEN B. KAHLON,<br><br>Defendants. | CIVIL ACTION NO.<br><br>**COMPLAINT** |

Plaintiff, CARSTAR Franchisor SPV LLC ("CARSTAR"), by and through its undersigned counsel, hereby sues GEORGE D MANDERBACH INC. dba CARSTAR MANDERBACH COLLISION (the "Operating Company") and STEVEN B. KAHLON (the "Individual Defendant" and "Kahlon") (the Operating Company, the Individual Defendant and Kahlon, collectively, "Defendants") alleges as follows based on knowledge of its own actions, and on information and belief as to Defendants' actions (unless indicated otherwise):

## NATURE OF THE CASE

By this action, CARSTAR seeks to recover amounts owed by Defendants pursuant to the parties' written settlement agreement in the amount of $81,553.44 as well as CARSTAR's reasonable attorneys' fees and costs in seeking such outstanding amounts.

## THE PARTIES

1. CARSTAR is a limited liability company organized and existing under the laws of the State of Delaware, with its offices and principal place of business located at 440 South Church Street, Suite 700, Charlotte, Mecklenburg County, North Carolina.

2. CARSTAR is a Delaware limited liability company, and its sole member is

Driven Systems, LLC. Driven Systems, LLC is a Delaware limited liability company and its sole member is Driven Brands Funding, LLC. Driven Brands Funding, LLC is a Delaware limited liability company and its sole member is Driven Funding HoldCo, LLC. Driven Funding HoldCo, LLC is a Delaware limited liability company and its sole member is Driven Brands, Inc. Driven Brands, Inc. is a Delaware corporation with its principal place of business located at 440 S. Church Street, Suite 700, Charlotte, North Carolina 28202. Thus, for jurisdictional purposes, Driven Brands, Inc., and in turn, Carstar Franchisor SPV LLC, is a citizen of both Delaware and North Carolina.

3. Upon information and belief, the Operating Company is a Pennsylvania corporation with its principal place of business at 301 Front Street, Hamburg, Pennsylvania 19526.

4. Upon information and belief, the Individual Defendant is a citizen and resident of the State of Pennsylvania residing at 8307 Creamery Road, New Tripoli, Pennsylvania 18066.

## JURISDICTION AND VENUE

5. This Court has in *personam* jurisdiction over this action and of the parties because CARSTAR's claims arise out of promises made by Defendants, in writing, to be performed within this Court's jurisdiction by virtue of Rule 4(k)(1)(A), Federal Rules of Civil Procedure.

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because CARSTAR is a citizen of Delaware and North Carolina, Defendants are citizens of Pennsylvania, and the amount in controversy is over $75,000.00, exclusive of interest and costs.

7.      Venue is appropriate in this judicial district pursuant to 28 U.S.C. §1391 because the Individual Defendant resides within this judicial district, and a substantial part of these events or omissions giving rise to the claim occurred within this judicial district.

## GENERAL ALLEGATIONS

8.      CARSTAR grants franchises to qualified persons to establish and operate automobile collision repair facilities with the license to use and display CARSTAR's federally registered trade name, trademarks, logos, and other proprietary marks (the "Marks").

9.      Each franchisee or licensee who manufactures, distributes, or sells such goods and services does so in association with the name "CARSTAR" and the CARSTAR Marks.

10.     CARSTAR details its proprietary and unique methods, procedures, and techniques used to achieve the minimum levels of quality associated with the CARSTAR Marks (the "CARSTAR System") in its collection of best practices and statement of minimum performance (the "Operations Manual").

11.     The relationship between CARSTAR and its franchisees is governed by the terms and conditions of the franchise agreement entered between CARSTAR and each franchisee.

12.     On January 22, 2021, CARSTAR entered a CARSTAR franchise agreement with the Operating Company whereby CARSTAR agreed to grant, and the Operating Company agreed to assume, all of the obligations, terms and conditions contained therein (together with related addenda, the "Franchise Agreement").

13.     As part of the Franchise Agreement, Kahlon executed a Guaranty, whereby Kahlon agreed to be jointly and severally liable with the Company with respect to any payment or obligation required under the Franchise Agreement (the "Guaranty").

14. Pursuant to the terms of the Franchise Agreement, Defendants were authorized to operate an automobile collision repair facility known as CARSTAR #15554 located at 301 Front Street, Hamburg, Pennsylvania 19526 (the "Facility") under the trade name "CARSTAR" through and including January 22, 2026. (Franchise Agreement § 2.A.).

15. Under the terms of the Franchise Agreements, Defendants agreed, among other things, to: (i) pay CARSTAR on a monthly basis a continuing franchise fee equal to the greater of $1,000 or 1.5% of monthly gross sales, (Franchise Agreements ¶ 3.C); (ii) pay a monthly Insurance and Marketing Fund ("IMF") fee in the amount of 1% of monthly gross sales up to $500 per month, (Franchise Agreement ¶ 3.D); and (iii) to furnish CARSTAR with accurate monthly financial and operations reports reflecting all gross sales, sales and expenses, and certain balance sheet information specified by CARSTAR, (Franchise Agreement ¶ 11.B).

16. Upon expiration of the Franchise Agreement, Defendants agreed to: (i) stop operating the Facility as a CARSTAR (Franchise Agreement ¶ 16.A.); (ii) stop using CARSTAR's Marks (Franchise Agreement ¶ 16.B.); (iii) remove all signs and identification as an authorized CARSTAR facility (Franchise Agreement ¶ 16.C.); (iv) pay CARSTAR all amounts owed pursuant to the Franchise Agreement, including any monthly franchise fees, IMF fees, rebates, or any other fees payable to CARSTAR (Franchise Agreement ¶ 16.G.); and (v) pay CARSTAR all damages, costs and expenses, including reasonable attorneys' fees, incurred by CARSTAR as a result of or in connection with the franchisee's default (Franchise Agreement ¶ 16.G.(2)) (collectively, the "Post-Termination Obligations").

17. On or about October 18, 2024, Defendants unilaterally closed and abandoned the Facility without CARSTAR's authorization or approval in material violation of the Franchise Agreement.

18. Defendants also breached their obligations and were in default of the Franchise Agreement by failing and/or refusing to pay CARSTAR franchise fees, insurance and marketing fund fees, and technology fees, and other amounts due and owing under the Franchise Agreement.

19. On October 22, 2024, CARSTAR sent Defendants a Notice of Termination for the premature and permanent closure of the Facility in violation of the Franchise Agreement.

20. In the Notice of Termination, CARSTAR reminded Defendants of their post-termination obligations, including the obligation to pay all amounts due and owing under the Franchise Agreement.

21. A dispute arose between the parties relating to the amounts Defendants owed CARSTAR pursuant to the Franchise Agreement (the "Dispute").

22. The parties resolved the Dispute pursuant to an executed a Settlement and Release Agreement signed December 23, 2024 (the "Settlement Agreement"). A true and correct copy of the Settlement Agreement is attached hereto as **Exhibit A** and incorporated by reference as if fully set forth herein.

23. As a part of the Settlement Agreement, Defendants agreed to pay CARSTAR a total of One Hundred Thirty-Five Thousand Nine Hundred Twenty-Two and 40/100 Dollars ($135,922.40) (the "Settlement Amount") in monthly installments beginning on January 15, 2024 and continuing to be paid on the 15th of each subsequent month (the "Monthly Installments") until the Settlement Amount is paid in full. (Exhibit A ¶ II.A.i.).

24. Defendants were obligated, and have failed, to pay CARSTAR the Monthly Installments since April 2025 (the "Outstanding Monthly Installments") with the remainder of the Settlement Amount currently due and owing in the amount of $81, 553.44 (the "Outstanding

Settlement Amount").

25. On June 26, 2025, CARSTAR sent a Notice of Default and Demand for Payment to Defendants regarding Defendants' failure to pay the Monthly Installments (the "Notice of Default").

26. In addition, counsel for CARSTAR communicated with Defendants' prior counsel and Mr. Kahlon regarding the defaults to no avail.

27. Despite the opportunity and obligation to do so, Defendants failed and/or refused to cure the default and come in compliance under the Settlement Agreement within the agreed upon cure period.

28. Such failure is a material breach of Settlement Agreement.

29. To date, Defendants have failed and/or refused to pay any portion of the Outstanding Settlement Amount.

30. Under the Settlement Agreement, Defendants agreed that they will not dispute the entry of a judgment against Defendants for any unpaid sums due and owing under the Settlement Agreement. (Exhibit A ¶ III.C).

31. Defendants also agreed that CARSTAR is entitled to an award of CARSTAR's reasonable attorneys' fees and costs in seeking judgment on the Outstanding Settlement Amount and as the prevailing party. (Exhibit A ¶¶ III.C and VIII.D).

32. All conditions precedent to the institution of this action have been satisfied, discharged, excused, and/or waived.

33. CARSTAR has engaged the undersigned counsel and has agreed to pay counsel reasonable attorneys' fees for all services rendered in this action and otherwise in connection with enforcing its rights under the law.

## COUNT I
### (Breach of the Settlement Agreement)

34. CARSTAR repeats and re-alleges paragraphs 1 through 33 above as if fully set forth herein.

35. CARSTAR has performed all obligations required of it under the Settlement Agreement.

36. Defendants were required to pay CARSTAR the Outstanding Monthly Installments due.

37. Despite CARSTAR's performance, Defendants breached their obligations and promises under the Settlement Agreement by, among other things, failing to pay the Outstanding Monthly Installments.

38. As a result of Defendant's breaches of the Settlement Agreement, CARSTAR has been directly and proximately damaged by Defendants' failure to pay the Outstanding Monthly Installments.

WHEREFORE, CARSTAR Franchisor SPV LLC, hereby respectfully requests this Honorable Court enter judgment against GEORGE D MANDERBACH INC. dba CARSTAR MANDERBACH COLLISION and STEVEN B. KAHLON for:

(a) Judgment for all amounts due and owing under the Settlement Agreement, including the Outstanding Monthly Installments;

(b) Prejudgment interest;

(c) Judgment for CARSTAR's reasonable attorneys' fees together with court costs; and

(d) All other relief this Honorable Court deems just and proper.

Dated this 11th day of December 2025.        Respectfully submitted,

                                                **DINSMORE & SHOHL, LLP**

                                                */s/ Robyn B. Eisen*
                                                **Robyn Eisen, Esq.**
                                                Pennsylvania Bar No. 313391
                                                Email: robyn.eisen@dinsmore.com
                                                **Dennis D. Leone, Esq.** *(pro hac forthcoming)*
                                                Florida Bar No. 069401
                                                Email: dennis.leone@dinsmore.com
                                                201 N. Franklin Street, Suite 3050
                                                Tampa, Florida 33602
                                                Telephone: (813) 543-9848
                                                *Attorneys for Plaintiff CARSTAR Franchisor SPV LLC*